Ye v. Holder

BIA
Cheng, IJ
A087 550 580

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

PENG CHENG YE,
> *Petitioner,*

> v.                                         11-3538
>                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gang Zhou, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Julie S. Saltman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Peng Cheng Ye, a native and citizen of the People's Republic of China, seeks review of an August 5, 2011, decision of the BIA affirming the May 4, 2010, decision of Immigration Judge ("IJ") Mary Cheng, which pretermitted his application for asylum and denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Peng Cheng Ye*, No. A087 550 580 (B.I.A. Aug. 5, 2011), *aff'g* No. A087 550 580 (Immig. Ct. N.Y. City May 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Ye concedes that this Court lacks jurisdiction to review the pretermission of his asylum

2

application unless he raises a colorable constitutional claim or question of law. He has failed to do so.

Ye argues that the IJ erred by applying a higher burden than the required "clear and convincing evidence" standard in determining whether he had demonstrated that he had timely filed his asylum application within one year after his entry to the United States. However, the IJ both explicitly stated that she applied the "clear and convincing" standard, and, in practical terms, did not require evidence in excess of that burden. Instead, the IJ found that Ye's evidence was insufficient as it was both internally inconsistent and inconsistent with his witness's testimony and his medical documentation. *See* 8 U.S.C. § 1158(a)(2)(B) (requiring that an alien establish by clear and convincing evidence the timely filing of his asylum application). Because there is no indication that the IJ applied an overly stringent standard, Ye has not asserted a colorable constitutional claim or question of law regarding the pretermission of asylum and we consider only the agency's denial of withholding of removal and CAT relief. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D).

For applications such as Ye's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. The IJ's adverse credibility determination is supported by substantial evidence.

The IJ reasonably based her credibility finding on inconsistent testimony, including the following: (1) Ye's changing testimony regarding (a) whether his wife was at home or at the family planning office on the day she underwent an IUD insertion, (b) whether he or his wife had paid the fine he incurred for fleeing China in 1999, and (c) whether his wife had worked in a factory; (2) Ye's

4

testimony that he lived at the address listed in his application since 1975, when the application listed him living at the address only since 2000; (3) Ye's testimony that he had worked as a truck driver in China for one month, though his application listed that employment as lasting four years; and (4) Ye's testimony that he had visited the Fuzhou Economy and Technology Hospital in April 2009, though his medical documents identified the institution as Mawei Hospital. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with "any inconsistency or omission"). The IJ was not required to credit Ye's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).[1] In addition, the adverse credibility determination is further supported by the IJ's demeanor finding based on Ye's non-responsive and vague testimony. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

---

[1] We do not rely on the trivial inconsistencies between Ye's testimony that Chinese family planning officials forced his wife to have an abortion on May 18, 1998, and his wife's letter, stating, several years after the fact, that the date was May 27, 1998, or between Ye's testimony that he called his cousin twice on April 20, 2009, and his cousin's testimony that he called once on that date.

Given these inconsistencies and the negative demeanor finding, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Ye's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for both withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6